UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

JONATHAN SHANE BENTON

CRIMINAL ACTION

NO. 09-cr-102-JJB

**RULING ON MOTION FOR RETROACTIVE APPLICATION OF CRACK COCAINE SENTENCING GUIDELINES UNDER 18 U.S.C. 3582**

Before the Court is a motion raised by the Court *sua sponte* under General Order No. 2011:07 (Doc. 42) to determine the eligibility of the defendant, Jonathan Shane Benton, to receive a reduced sentence by virtue of the retroactive application of new sentencing guidelines pertaining to offenders convicted of offenses involving crack cocaine.

I.

On October 19, 2009, Benton pled guilty to possession with intent to distribute fifty grams or more of cocaine base (*i.e.,* crack cocaine) in violation of 21 U.S.C. § 841(a)(1). (Minute Entry, Doc. 21). The probation office determined Benton had an original offense level of 29 with a criminal history category of IV, resulting in a guideline range of 121-151 months. The statutory minimum sentence was 120 months. Prior to sentencing, the United States moved for a downward departure under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 due to defendant's substantial assistance in the prosecution of another. On May 20, 2010, the Court granted that motion and reduced the offense level from 29 to 19, which correspondingly reduced the guideline range to 46-57 months. The Court then adhered to the top of the guidelines and sentenced Benton to 57 months. (*See* Docs. 36-40).

On August 3, 2010, Congress passed the Fair Sentencing Act of 2010 to "restore fairness to Federal cocaine sentencing." Pub. L. No. 111-220, 124 Stat. 2372. Pursuant to the authority

Congress granted the United States Sentencing Commission, the Commission promulgated Amendment 750, which became retroactively effective on November 1, 2011, by virtue of Amendment 759. Amendment 750 amended U.S.S.G. § 2D1.1 to account for new drug quantity thresholds contained in the Fair Sentencing Act.[1]

Upon the Court's December 13, 2011 motion, the probation office determined that the amount of crack cocaine involved in Benton's crime, 269.12 grams, required a two-level reduction in the offense level. The new guidelines resulted in an offense level of 27 and a resulting 100-125 month range when combined with the same criminal history level. However, after applying the ten-level downward departure the Court had already accepted, this resulted in a new offense level of 17. Combined with the same criminal history level, the new guidelines range as calculated by the probation office resulted in a 37-46 month recommendation. (Probation Office Report, Doc. 45).

II.

The government objected to the initial probation report (Doc. 54) based on *United States v. Carter*, 595 F.3d 575 (5th Cir. 2010). The government contends that case allows departures from the statutory minimum sentence only by authority granted in 18 U.S.C. § 3553(e), not by retroactive provisions of the Sentencing Guidelines. Thus, the government contends Benton is ineligible for sentence reduction under the retroactive amendment to the guidelines because the

---

[1] Specifically, § 2(a) of the Act increased the amount of crack cocaine necessary to receive the statutory minimum sentences imposed by 21 U.S.C. § 841. Previously, a 10 year minimum applied to all crack crimes involving 50 or more grams and a 5 year minimum applied to all crack crimes involving 5 or more grams. The Act increased these thresholds to 280 grams and 28 grams, respectively. Thus, if Benton were sentenced under the new provisions of the Act and the guidelines promulgated thereunder, his statutory minimum sentence under 21 U.S.C. § 841 would only be 60 months rather than 120 months. However, because Congress did not express its intention to retroactively apply the mandatory minimum sentences, Amendments 750 and 759 could not do so. *See* U.S.S.G. App. C, Vol. III, Amendment 759, n.1 (noting that only sentencing guideline ranges, not statutory sentencing changes, were made retroactive).

120 month minimum could be reduced only by the ten-level downward departure under § 3553(e) the Court already applied to Benton's sentence, making any further reduction improper.

A.

*Carter* involved a defendant sentenced under the same crack cocaine mandatory minimum provision applicable here. 595 F.3d at 576. Carter's guidelines range of 87-108 months calculated by the pre-sentence report did not apply, and the 120 month statutory minimum became the applicable "guideline sentence" under U.S.S.G. § 5G1.1(b). *Id.* at 576-77. The government moved for a downward departure under 18 U.S.C. § 3553(e), and the Court granted the motion, sentencing Carter to 36 months. *Id.* at 577. After the Sentencing Commission promulgated new guidelines applicable to crack cocaine offenses, Carter's initial guideline range would have been 70-87 months, which Carter argued counseled for a reduction corresponding to the 59 percent downward departure from the 87 month low end of the initial guidelines the district court initially permitted based on the § 3553(e) motion. *Id.* Thus, Carter argued for a reduction from his 36 month sentence to a 29 month sentence based on the then-newly retroactive guidelines[2] and 18 U.S.C. § 3582(c)(2). *Id.* The district court denied the motion, reasoning that Carter must serve the mandatory minimum. *Id.*

The Fifth Circuit affirmed the district court's determination, reasoning that 18 U.S.C. § 3582(c)(2) permits modification of a sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(*o*) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 577-78 (*quoting* 18 U.S.C. § 3582(c)(2)) (finding that U.S.S.G. § 1B1.10 to

---

[2] The new guidelines in *Carter* were Amendments 706 and 713, which listed new crack cocaine sentencing guidelines and made those guidelines retroactive, respectively. *See Carter*, 595 F.3d at 577; U.S.S.G. App. C, Vol. III, amends. 706, 713 (effective Nov. 1, 2007, and March 3, 2008, respectively).

be the "applicable policy statement"). The court adopted the Fourth Circuit's analysis from *United States v. Hood*, 556 F.3d 226, 233 (4th Cir.), *cert. denied*, --- U.S. ----, 130 S.Ct. 321 (2009), and two other circuits having reached the same general conclusion. *See United States v. Byers*, 561 F.3d 825, 832 (8th Cir. 2009); *United States v. Williams*, 549 F.3d 1337, 1341-42 (11th Cir. 2008). *Hood* found that when a defendant's sentencing guideline range falls short of the statutory minimum sentence, the sentence must be "based on" the mandatory minimum for purposes of 18 U.S.C. § 3582(c)(2), even if the sentencing court downwardly departs from the mandatory minimum under 18 U.S.C. § 3553(e). 556 F.3d at 228-38.

Noting that district courts may deviate below the statutory minimum only through a statutory exception, such as 18 U.S.C. § 3553(e), the Fifth Circuit in *Carter* found that when guideline ranges do not meet the statutory minimum, all sentences must be "based on" the statutory minimum, not the guideline range, regardless of whether a statutory exception applies and the actual sentence comes in below the statutory minimum. 595 F.3d at 578-79. Even though § 3553(e) on its own terms permits imposition of a sentence "in accordance with the guidelines and policy statements issued by the Sentencing Commission," the Fifth Circuit determined, based on the Commission's interpretation of that section in U.S.S.G. § 5K1.1, that the statutory minimum, not the guidelines range, remains the baseline sentence from which § 3553(e) authorizes downward departure. *Id.* at 580. Finally, the Fifth Circuit addressed U.S.S.G. § 1B1.10(a)(1) and its application notes, which expresses the Commission's interpretation of 18 U.S.C. § 3582(c)(2). *Id.* at 580-81. Those notes made clear that even though the amended sentencing guidelines for crack cocaine offenses applied retroactively, "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory

4

minimum term of imprisonment)." *Id.* at 581 (*quoting* U.S.S.G. § 1B1.10(a)(1), comment. (n.1)).

B.

Benton argues that because his initial guidelines range was above the statutory minimum, the analysis in *Carter* does not apply. It is true enough that *Carter*'s explicit holding was limited to "when a defendant is subject to a statutory minimum sentence above the upper end of his guideline range, even if the district court departs downwardly from that minimum under a statutory exception…." 595 F.3d at 581. But contrary to defendant's position, it does not necessarily follow that *Carter*'s teachings have no value here.

Just as *Carter* dealt with previous amendments to crack cocaine sentencing guidelines made applicable retroactively, so too does this case involve a defendant seeking retroactive reduction of his crack sentence under 18 U.S.C. § 3582(c)(2). Also like the defendant in *Carter*, Benton received a downward departure from his 120 month mandatory minimum sentence based on substantial assistance to the government under 18 U.S.C. § 3553(e). And while the strict result of *Carter* does not necessarily foreclose Benton's arguments, *Carter*'s reasoning ineluctably mandates denial of the sentence reduction arguments raised here.

The bottom line consideration here is whether Benton's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). If the sentence was "based on" anything else, then § 3582(c)(2)'s narrow exception to the normal rule against modifying final sentences does not apply and Benton cannot prevail. Courts cannot impose sentences below the statutory minimum without a statutory exception. *Carter*, 595 F.3d at 578-79 (citing *United States v. Phillips*, 382 F.3d 489, 499 (5th

5

Cir. 2004)). The statutory exception applicable here is 18 U.S.C. § 3553(e).[3] As *Carter* noted, the relevant interpreting policy statement is U.S.S.G. § 5K1.1, which authorizes the court to "depart from the guidelines" and provides factors for the court to consider when determining the extent of the downward departure. 595 F.3d at 579-80. Because *Carter* found that § 5K1.1 simply "describes the familiar procedure of a downward departure from a baseline sentence" and commentary to § 5K1.1 shows "the Commission implicitly considers a statutory minimum sentence to be analogous to a low-end guideline from which the court may depart," the Fifth Circuit concluded that "[n]othing in § 3553(e) indicates a statutory minimum sentence gives way to an otherwise applicable guideline range when a district court reduces the sentence" under § 3553(e). *Id.*

In short, § 3553(e) permits a departure from the statutory minimum, and only the statutory minimum, regardless of the unutilized sentencing range. Thus, as § 5K1.1 confirms, sentences relying on that statutory exception to a statutory minimum sentence are not "based on a sentencing range" under 18 U.S.C. § 3582(c)(2). *See Hood*, 556 F.3d at 228 (holding departures under § 3553(e) are not based on any guideline range subject to lowering by a retroactively applicable sentencing guideline amendment). Therefore, Benton is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

## C.

This conclusion makes perfect logical sense. Suppose Benton had been sentenced after the lowered sentencing guidelines were already in place. It is undisputed the guidelines range would be 100-125 months, which would necessarily jump up to 120-125 months based on the

---

[3] Section 3553(e) provides, in pertinent part: "[T]he court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance…. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to [28 U.S.C. § 994]."

statutory minimum.  *See* U.S.S.G. § 5G1.1; *see also* Defendant's Response, Doc. 55, p. 7, n. 1. Could there be any valid argument at that point, in light of *Carter* and *Hood*, that a sentence downwardly departing from the 120-125 month range under § 3553(e) would be "based on" anything other than the statutory minimum?  In a word, no.  Moreover, in neither case could it be said that Benton's sentence would be "based on a sentencing range," and that is all the Court is required to find in order to conclude that Benton's arguments must fail.

III.

Accordingly, the Court's *sue sponte* motion (Doc. 42) for retroactive application of the crack cocaine sentencing guidelines is hereby DENIED.  It is ORDERED that defendant's sentence remain intact without modification.

Signed in Baton Rouge, Louisiana, on March 26, 2012.

_____
**JAMES J. BRADY, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**